GERSHOM M. FITCH & another *vs.* JONATHAN C. STEVENS.

Under the Rev. Sts. *c.* 116, no person can avail himself of the privileges of a mill owner thereby conferred, or bring himself within the protection thereby secured, merely by erecting a dam across a stream that runs through his land : Unless a mill is built in connexion with the dam, or the party has an intent forthwith to erect such mill, he is not a mill owner within the purview of the statute, and is liable at common law only for flowing others' lands by means of such dam.

In an action against the owner and occupant of a mill, founded on the Rev. Sts. *c.* 116, § 24, to recover the gross damages which had been assessed on a complaint against the owner of a dam, it was proved that the owner of the dam never erected a mill, but that the defendant, after the complaint was filed against the owner of the dam, erected a mill on his own land, at a distance from the dam, and took the water from the pond which was raised by said dam, through a trench, to drive his mill. *Held,* on these facts, that the proceedings, by complaint, against the owner of the dam, were void, as against the defendant, and that he was not liable to pay the damages assessed under said complaint.

DEBT to recover the gross damages assessed for the plaintiffs, by a sheriff's jury, against Stephen Stevens, under proceedings upon the Rev. Sts. *c.* 116, making provisions respecting the erection and regulation of mills. The action was founded on § 24 of said chapter, which authorizes a party, who has obtained a verdict for annual compensation, or gross damages, for the

flowing of his lands by means of a mill dam, to recover such damages, in an action of assumpsit or debt, " against the person who shall own or occupy the mill when the action is brought."

At the trial before *Dewey,* J. at the last May term, the facts, which are hereinafter stated in the opinion of the court, were proved or admitted, and the case was taken from the jury, un der an agreement of the parties, that if the plaintiffs, on those facts, were entitled to maintain the action, the defendant should be defaulted :   Otherwise, that the plaintiffs should become nonsuit.

*Bishop & Wells,* for the plaintiffs.

*Sumner,* for the defendant.

HUBBARD, J.   This is an action of debt, founded on the Rev. Sts. *c.* 116, § 24, and is the same case which is reported in 2 Met. 505.   It was originally commenced against Stephen Stevens and Jonathan C. Stevens, but leave was given to discontinue against Stephen, and to prosecute the suit against Jonathan C. alone.   From the facts proved on the further hearing of the case, it appears that in the spring or summer of 1836, Stephen Stevens built a dam on his own premises, but never erected any mill upon it ; that in 1837, the plaintiffs instituted their complaint against him for flowing their lands in consequence of erecting the dam ; that afterwards, in 1838, the present de fendant, Jonathan C. Stevens, built a saw mill on his own land, about half a mile below the said dam, and drew water from the pond raised by it, by means of a trench, for the driving of his mill.   After various proceedings on the plaintiffs' complaint, they finally obtained a verdict against Stephen for damages — the jury assessing both the annual and gross damages — which verdict was accepted and recorded by the court of common pleas, to which court it was returned ; (2 Met. 506, 507;) and within the time prescribed by the statute, the plaintiffs elected to take the gross damages.   The defendant, Stephen, refusing to pay, the present suit was brought, and the attempt is now made to recover the amount of the damages from Jonathan C. Stevens, as the owner and occupant of the mill, though the same was not erected when the original complaint was instituted.

The present action, we think, does not call for a minute examination of the various mill acts and a comparison of past provisions with those of the revised statutes, as was done at the argument by the learned counsel for the plaintiffs.

It is obvious that these acts were originally framed for the general benefit of the citizens, being intended to encourage the erecting and working of water mills ; and to promote this object liberty was given to persons, having rights in running streams, to raise heads of water, and to overflow adjacent lands ; and provision was made for the owner of such lands to institute complaints against the mill owners, to recover damages for the injury actually sustained by the flowing.

These laws have been continued with various modifications for more than a century, having the same end in view, namely, the protection of mill owners in the enjoyment of heads of water necessary to drive their mills, subject to the claim for damages for overflowing the neighboring lands. And it was decided in this court, in the case of *Stowell* v. *Flagg*, 11 Mass. 364, after a careful and able examination of these statutes, that no action, since the *St.* of 1795, *c.* 74, would lie at common law against a mill owner for flowing the land of another.

While we accord entirely with the reasoning and decision of that case, we think the position is to be received with some qualification ; and we are of opinion, that, upon a true construction of the spirit and intent of the statutes, no person can avail himself of the privileges conferred by them, nor bring himself within their protection, merely by erecting a dam across a stream running through his land. There must be coupled with such erection the building of a mill for use, or there must exist the intent, which shall be capable of proof, forthwith to erect one. And so, in like manner, if a mill is abandoned by its owner, and he continues to maintain the dam, or does not remove it, he is no longer a mill owner within the purview of the statutes, but is liable to an action at common law.

And in the case at bar, upon the facts stated, we are of opinion that the complaint for flowing was prematurely brought, and that an action would have well lain at common law, at the suit

Fitch & another *v.* Stevens.

of the plaintiffs, for the injury sustained by them.   And however it might have been, if the dam and mill had been built at the same time, though by different persons, yet here no intent was proved on the part of Stephen Stevens to erect a mill at any time ; none was erected on his land, and the space of two years actually intervened between the building of the dam by Stephen and the erection of the mill by Jonathan C. on his own land. We come to the conclusion, therefore, that Stephen Stevens was not liable, at the time of the filing of the original complaint, to be proceeded against under the statute, and that if he had pleaded in bar to the process, he would, under the facts as now presented, have prevailed in his defence.   And whatever might have been the decision, if the complaint had been filed against both Stephen and Jonathan C. after the erection of the mill — as the case now stands, we consider the proceedings void as against the present defendant, because Stephen Stevens neither built nor occupied the mill ; and it is open to the defendant to take the objection that the original party was not liable, and that he is not bound by the verdict and judgment against Stephen, being neither party nor privy to it.

For these reasons the plaintiffs must be nonsuit, and judgmen be entered for costs for the defendant.